IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN KEITH EARLS,<br>TDCJ No. 650192,<br><br>　　　　Plaintiff,<br><br>V.<br><br>DALLAS SHERIFF'S DEPARTMENT,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:22-cv-2508-X-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kevin Keith Earls, now a Texas prisoner, filed a *pro se* civil rights complaint against the Dallas Sheriff's Department alleging that, while he was incarcerated at the Dallas County jail in 1993, he attempted to commit suicide and was attacked by another inmate. *See* Dkt. No. 3.

United States District Judge Brantley Starr referred Earls's complaint to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference.

Under the Prison Litigation Reform Act, where prisoners (whether incarcerated or detained pending trial) seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Consistent with this obligation, the undersigned enters these findings of fact,

conclusions of law, and recommendation that the Court should dismiss this case with prejudice under Section 1915A and count this dismissal as a strike under 28 U.S.C. § 1915(g).

First, insofar as Earls only names the Dallas Sheriff's Department as a defendant, the Department is not subject to suit as a jural entity that "enjoy[s] a separate legal existence." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (citations omitted); *see, e.g.*, *Rambo v. Valdez*, No. 3:16-cv-02-O, 2016 WL 4398969, at *2 (N.D. Tex. May 6, 2016) (relying on Darby on hold that "the Dallas County Sheriff's Office" and the Dallas County jail "are non-jural entities under § 1983" (collecting cases)).

Second, even if the Court liberally construes the complaint as asserting claims against the Sheriff herself or individual jailers, such claims are time barred based on the face of the complaint.

If "'it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)).

Claims under Section 1983 are governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987); *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam). But courts "determine the accrual date of a § 1983 action by reference to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388

(2007)).

"Federal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." *Id.* (cleaned up; quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). That is, "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (citation omitted).

So, as shown on the face of his complaint, Earls's deadline to bring Section 1983 claims based on the 1993 incidents expired years before he filed this action.

Nonetheless, "a litigant is entitled to equitable tolling of a statute of limitations" "if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))

But a plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still require *pro se* parties to fundamentally "abide by the rules that govern the federal courts."' So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal.'

Chandra's pleadings fall short of that goal by failing to allege any plausible facts entitling him to equitable tolling." (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *cf. Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

Here, Earls alleges no facts to support either prong of equitable tolling.

And, even if the Court does not dismiss his claims as implausible – and therefore frivolous – because they are time barred, the claims fail on their merits.

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Johnson v. Johnson*, 694 F. App'x 945, 946 (5th Cir. 2017) (per curiam) (quoting *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing, in turn, *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994))).

"This duty is derived from the prohibition of 'cruel and unusual punishments' in the Eighth Amendment." *Williams v. Hampton*, 797 F.3d 276, 280 (5th Cir. 2015) (en banc) (footnotes omitted); *accord Jason v. Tanner*, 938 F.3d 191, 195 (5th Cir. 2019) ("[A]s we reiterated in *Williams*, 'prison officials have a duty to protect prisoners from violence at the hands of other prisoners.'" (footnote omitted)).

> The Supreme Court has explained that "[i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into

> constitutional liability for prison officials responsible for the victim's safety." The Court has made clear "that a prison official violates the Eighth Amendment only when two requirements are met." One is that "the deprivation alleged must be, objectively, 'sufficiently serious.'" "For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" The Supreme Court has explained that "[i]n prison-conditions cases, that state of mind is one of 'deliberate indifference' to inmate health or safety."

*Williams*, 797 F.3d at 280.

The United States Court of Appeals for the Fifth Circuit "has based its Fourteenth Amendment case law concerning pretrial detainees on the [United States] Supreme Court's Eighth Amendment precedent concerning prisoners. Among those borrowings is our understanding of subjective deliberate indifference," *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) (citations omitted), which "the Fifth Circuit has continued to apply ... after *Kingsley[ v. Hendrickson*, 576 U.S. 389 (2015)]," *Oliver v. Gusman*, ___ F. Supp. 3d ___, Civ. A. No. 18-7845, 2020 WL 1303493, at *3 & n.15 (E.D. La. Mar. 19, 2020) (citing *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 n.4 (5th Cir. 2017)).

Deliberate indifference is therefore, in sum, "a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))).

Earls has not alleged that jail employees were subjectively indifferent. He, in fact, appears to assert just the opposite by alleging that, after he tried to commit suicide by ingesting razor blades, he "was rushed to Parkland Hospital" and that, when another inmate attacked him, the jailers "locked down the tank and took me to medical," who took him to Parkland, where he received stitches. Dkt. No. 3 at 5-6. He therefore has not asserted a plausible constitutional claim on the facts he alleges.

For all these reasons, the Court should dismiss Earls's claims with prejudice.

But the time to file objections to this recommendation (further explained below) allows Earls an opportunity to explain how he would cure the deficiencies in his complaint and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915A and count this dismissal as a strike under 28 U.S.C. § 1915(g).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 15, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE